## NATIONAL UNION FIRE INSURANCE CO.

### v.

## CSX CORPORATION, et al.

### Civil No. Y–94–2543.

United States District Court, D. Maryland.

Nov. 14, 1997.

Mark A. Dombroff, Henry Brotherton Goddard, Jr., Deborah Susan G. Orlove, Washington, DC, for Plaintiff.

James K. Archibald, Baltimore, MD, Maureen Donahue Yuffee, Washington, DC, for Defendants.

## MEMORANDUM OPINION

YOUNG, Senior District Judge.

### I.

Plaintiff National Union Fire Insurance Co. brought this action seeking a ruling that the insurance policies issued to Defendants did not cover claims resulting from a railroad collision which occurred May 16, 1994 near Selma, North Carolina. After a two-day bench trial, the Court granted Plaintiff's Motion for Declaratory Judgment on January 18, 1996. Defendants then filed an appeal with the United States Court of Appeals for the Fourth Circuit, which vacated the judgment and remanded the case by unpublished opinion. *National Union Fire Ins. Co. v. CSX Corp. et al.,* No. 96–1226, 1997 WL

176456 (4th Cir., Apr. 14, 1997) (hereinafter "Slip Opinion").

Following the January 1996 trial, the Court found certain facts which are not disputed by the parties: that CSX Intermodal, Inc., a wholly owned subsidiary of CSX Corporation, procured two National Union commercial umbrella insurance policies through their brokers, Alexander & Alexander, Inc;, that the "Lower Layer" policy, BE 308–90–34, was in effect from April 1, 1993 to October 1, 1994 and carried $4 million coverage in excess of $1 million in underlying liability; that the "Upper Layer" policy, BE 309–05–08, was in effect from September 30, 1993 to October 1, 1994 and carried $20 million coverage in excess of $5 million in underlying liability; that each policy had a railroad liability exclusion attached as Endorsement 8; and that the policies excluded, in relevant part, coverage for any damages arising out of "the ownership, maintenance, operation, use, loading or unloading of any locomotive, railcar or railroad operations." It is undisputed that Maryland law governs the interpretation of the insurance policies.

On May 16, 1994, a southbound Amtrak passenger train collided with a trailer carried as freight on a northbound CSX freight train near Selma, North Carolina. As a result of the collision two locomotives and sixteen Amtrak cars were derailed, the assistant engineer was killed, several passengers and crew members were injured, and substantial property damage resulted. Investigation revealed that Defendants had loaded the trailer on the train. In anticipation of being named as a defendant in lawsuits arising from the accident, Defendants filed a notice of accident with National Union under the two policies. National Union denied coverage based on the railroad liability exclusion clauses and brought this action seeking a ruling that it is not required to cover CSX, or its subsidiaries, for claims arising from the accident.

The dispute between the parties at trial centered on the interpretation of the language of the insurance policies. The Court held that National Union was not required to defend or indemnify Defendants based upon the insurance policies' railroad liability exclusions. Defendants argued that their liability, if any, stemmed from loading a trailer onto a railcar, which is not a "railroad operation"

(Slip Op. at 3). The Court held that the exclusion for railroad operations was unambiguous under Maryland law and absolved National Union from covering Defendants' claim because the train accident involved the operation of a railroad. The Fourth Circuit found the Court's focus on the nature of the accident erroneous, and held the exclusion for "railroad operation" ambiguous, requiring consideration of extrinsic evidence to determine whether the loading of the trailer on the railcar was a "railroad operation" within the meaning of the exclusion (Slip Op. at 6–7). The Fourth Circuit left it "to the district court's discretion whether the record needs to be reopened for the taking of additional evidence on the dispositive issue." *Id.* at 8.

## II.

Under Maryland's objective theory of contract interpretation, "when the contractual language is clear and unambiguous ... parol evidence is not admissible to show the intention of the parties or to vary, alter, or contradict the terms of that contract." *General Motors Acceptance Corp. v. Daniels,* 303 Md. 254, 261–62, 492 A.2d 1306 (1985). The contract must be considered as a whole, and the purpose of the contract and the facts and circumstances of the parties at the time of execution are factors used to determine the ordinary and accepted meaning of a contract term. *Collier v. MD–Individual Practice,* 327 Md. 1, 5–6, 607 A.2d 537 (1992) (citing *Pacific Indem. Co. v. Interstate Fire & Cas. Co.,* 302 Md. 383, 388, 488 A.2d 486 (1985)). If the contract language is ambiguous, extrinsic and parol evidence may be considered; if it remains ambiguous after evidence has been presented, it should be construed against the insurer who drafted the instrument. *Cheney v. Bell National Life,* 315 Md. 761, 767, 556 A.2d 1135 (1989).

 Having reviewed the factual record and the Fourth Circuit's opinion, the Court finds Defendants' activity alleged in the complaint is excluded from the coverage of the disputed insurance policies. The relevant exclusion, as previously mentioned, extends to damages arising out of "the ... *loading or unloading of any locomotive, railcar or railroad operations*" (emphasis supplied). As

the Fourth Circuit and this Court noted, "any liability on [the part of Defendants] stemmed from its loading of the trailer onto the railcar . . ." (Slip Op. at 3; Memorandum Op. at 4). Under Maryland law, the phrase "arising out of" must be afforded its common meaning—originating from, flowing from, or growing out of. *Northern Assurance Co. v. EDP Floors, Inc.*, 311 Md. 217, 230, 533 A.2d 682 (1987). As noted in the earlier Memorandum Opinion, under Maryland law this language absolves Plaintiff from covering Defendants' claims because their liability, if any, stems from the loading and unloading of the railcars. Memorandum Op. at 4; *see Northern Assurance Co.*, 311 Md. at 230, 533 A.2d 682 (holding that an insurance policy excluding coverage for injuries arising from the loading and unloading of trucks precluded coverage for negligent hiring and supervision where the injuries were caused by negligent unloading of a truck). Plaintiff is therefore entitled to judgment despite the ambiguity in the exclusion's language concerning "railroad operations" because the language "loading or unloading of any . . . railcar" unambiguously excludes any injuries resulting from loading railcars.

Based on the foregoing analysis, judgment will be entered for Plaintiff.